# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

| | |
|---|---|
| DINA FLORY,<br><br>**Plaintiff**,<br><br>v.<br><br>MCCABE, WEISBERG & CONWAY, LLC, et al.,<br><br>**Defendants.** | Civil Action No. 18-15522 (AET)<br><br>**MEMORANDUM OPINION** |

**BONGIOVANNI, Magistrate Judge**

This matter comes before the Court upon Plaintiff Dina Flory's ("Plaintiff") motion for attorney's fees and costs. [Docket Entry No. 9]. Defendants McCabe, Weisberg & Conway, LLC ("McCabe"), and First Atlantic Credit Union ("First Atlantic) (collectively, "Defendants") oppose Plaintiff's motion. The Court has fully reviewed and considered all arguments made in support of and in opposition to Plaintiff's motion for attorney's fees and costs. The Court considers Plaintiff's motion without argument pursuant to L.Civ.R. 78.1(b). For the reasons set forth below, Plaintiff's motion is GRANTED IN PART.

### I. Background and Procedural History

Plaintiff filed this action against Defendants on October 31, 2018, alleging that Defendants made false, deceptive and misleading representations, and used unfair and unconscionable means to collect a debt in violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* The debt at issue involved money purportedly owed to First Atlantic. On November 21, 2018, after the Complaint was served, but prior to any Answer or other response being filed, Defendants filed a Notice of Acceptance of Offer of Judgment Pursuant to Rule 68(a) of the Federal Rules of Civil Procedure ("Acceptance of Offer of Judgment"). (Docket Entry No. 7). On

November 29, 2019, the Court entered an Order reflecting the Acceptance of Offer of Judgment. Order of 11/29/2018; Docket Entry No. 8. Because the parties did not reach an agreement regarding the amount of attorney's fees and costs to be awarded, in Its Order, the Court also set a briefing schedule for such a motion. *Id*. at 2. The parties complied with the schedule set by the Court and Plaintiff's motion (Docket Entry No. 9) is ripe for the Court's consideration.

**II.     Legal Standard**

The FDCPA affords prevailing plaintiffs the right to recoup their reasonable attorneys' fees and costs. *See* 15 U.S.C.A. §1692k(a)(3). Generally, courts use the "lodestar" method in evaluating a fee application and, indeed, the lodestar calculation is presumed to yield a reasonable attorney fee award. *See Machado v. Law Offices of Jeffrey*, Civil Action No. 14-7401 (MAS) (TJB), 2017 WL 2838458, *2 (D.N.J. June 30, 2017). Under the lodestar method, an attorney's reasonable hourly rate is multiplied by the number of hours the attorney reasonably spent working on a matter. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.,* 426 F.3d 694, 703 n.5 (3d Cir. 2005) (citing *Blum v. Stenson*, 565 U.S. 886, 888, 104 S.Ct. 1541, 79 L.Ed.2d 891 (1984) (citations omitted)).

The "party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." *Id*. (*citing Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990)). "Reasonable hourly rates are typically determined based on the market rate in the attorney's community for lawyers of similar expertise and experience." *Machado*, 2017 WL 2838458, at *2 (citing *Interfaith*, 426 F.3d at 713). *Evans v. Port Auth. of N.Y. and N.J.*, 273 F.3d 346, (3d Cir. 2001). The attorney seeking fees bears the burden of establishing that the rate requested "constitutes a reasonable market rate for the essential character and complexity of the legal services rendered." *Smith v. Philadelphia Hous. Auth.*, 107 F.3d 223,

225 (3d Cir. 1997). With respect to the hours claimed, it is incumbent upon the Court to "exclude hours that are not reasonably expended." *Rode*, 892 F.2d at 1183 (citing *Hensely v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983)). "Hours are not reasonably expended if they are excessive, redundant, or otherwise unnecessary." *Id*. The Court, however, may not reduce a fee award *sua sponte*. Instead, "it can only do so in respect to specific objections made by the opposing party. But once the opposing party has made a specific objection, the burden is on the prevailing party to justify the size of its request." *Interfaith*, 426 F.3d at 711 (citing *Bell v. United Princeton Props., Inc.*, 884 f.2d 713, 719 (3d Cir. 1989).

Further, while the lodestar calculation is "strongly presumed to yield a reasonable fee" (*Washington v. Phila. County Ct. of C.P.*, 89 F.3d 1031, 1035 (3d Cir. 1996) (citing *City of Burlington v. Dauge*, 505 U.S. 557, 112 S.Ct. 2638, 120 L.Ed.2d 449 (1992)), "[t]he court can adjust the lodestar downward if the lodestar is not reasonable in light of the results obtained." *Rode*, 892 F.2d at 1183 (citing *Hensley*, 461 U.S. at 434-37). "Indeed, 'the most critical factor' in determining the reasonableness of a fee award 'is the degree of success obtained.'" *Farrar v. Hobby*, 506 U.S. 103, 114, 113 S.Ct. 566, 121 L.Ed.2d 494 (1992) (quoting *Hensley*, 461 U.S. at 436). As such, where a plaintiff has achieved only limited or partial success, "the product of hours reasonably expended on the litigation as a whole times a reasonable hourly rate may be an excessive amount." *Hensely*, 461 U.S. at 436. When a fee award based on the lodestar calculation would be excessive, the Court may exercise its measured discretion to reduce same. *Farrar*, 506 U.S. at 115; *see Machado*, 2017 WL 2838458, at *2. In fact, the Court "retains a great deal of discretion in deciding what a reasonable fee award is" (*Bell*, 884 F.2d at 721), and, it is understood that "in determining whether the fee request is excessive . . . the court will inevitably engage in a fair amount of 'judgment calling' based upon its experience with the case and the general

experience as to how much a case requires." *Evans*, 273 F.3d at 362. However, given the purpose of mandatory fee-shifting statutes like the FDCPA, a "reasonable" attorney's fee does not necessarily mean a proportionate fee. *See Agostino v. Quest Diagnostics, Inc.*, Civil Action No. 04-4362 (SRC), 2011 WL 13138113, *2 n.2 (D.N.J. Oct. 6, 2011).

### III. Analysis

#### A. Reasonable Hourly Rate

Here, Plaintiff seeks to recover attorney's fees for her attorney, Ira J. Metrick, Esq. Mr. Metrick seeks to be reimbursed at a rate of $350 per hour. In Plaintiff's opening papers, Mr. Metrick submitted a certification detailing his credentials and experience in support of his claimed hourly rate. In this regard, Mr. Metrick notes that he was licensed to practice law in New Jersey in 1994 and indicates that he is a solo practitioner consumer defense attorney that devotes his practice primarily to "Foreclosure Defense, Loan Modifications and issues that arise from those interactions with lenders and their Counsel." (Metrick Cert. ¶3, 4; Docket Entry No. 9-2). (*Id*. ¶ 3). With respect to his specific experience with FDCPA cases, Mr. Metrick notes that in the past 3-4 years he "began taking a limited amount of FDCPA cases which resulted from foreclosure issues." (*Id*. ¶4). Mr. Metrick states that his requested hourly rate of $350 per hour "is comparable to other attorneys practicing in Middlesex and Monmouth Counties" and indicates that "[t]his comparison is made based on a review of Affidavits of Services submitted to me in other matters, and through discussions with colleagues." (*Id*. ¶ 18).

Defendants' object to Mr. Metrick's requested hourly rate, arguing that Mr. Metrick "has submitted no evidence in support of the local market that would justify his requested rate of $350/hour[,]" but, instead, relies solely on a "self-serving Fee Certification that discusses minimally his practice and experience[.]" (Def. Opp. at 5; Docket Entry No. 11). Indeed,

4

Defendants note that Mr. Metrick did not even attach the Affidavits of Services he reviewed to his fee application, nor did he discuss "the details of the claims/litigation they concern, or the experience of the attorneys' who provided them[.]" (*Id*. at 6). As a result, Defendants contend that Plaintiff's "bare bones presentation" does not "remotely" represent "adequate proof of the reasonableness of [Mr. Metrick's] fee application." (*Id*.)

After his proposed rate was challenged by Defendants, Mr. Metrick, in Plaintiff's reply, provided additional support for his claimed hourly rate. In this regard, Plaintiff pointed to the Laffey Matrix, the United States Consumer Law Attorney Fee Survey Report (limited to New Jersey) for 2015-2016, as well as a multitude of orders entered by other United States District Courts, which reimbursed him at a rate of at least $350 per hour. Based on same, Mr. Metrick argues that he has established the reasonableness of his requested $350 per hour rate.

Despite Defendants' objections, the Court finds the hourly rate requested by Mr. Metrick is reasonable. In reaching this conclusion, the Court notes that Mr. Metrick's initial Certification was insufficient to carry his burden. While he has been practicing law in New Jersey for quite some time, his years of FDCPA practice is more limited. Further, simply referencing "Affidavits of Services" submitted by peers without producing same to the Court or at least describing the substance of his peers' affidavits, including the types of claims and the experience of the attorneys involved, does not establish "the market rate in the attorney's community for lawyers of similar expertise and experience." *Machado*, 2017 WL 2838458, at *2 (citing *Interfaith*, 426 F.3d at 713).

Nevertheless, the information provided in Plaintiff's reply is substantial and persuasive. While the better course would have been for Plaintiff to have included this information in his opening papers, the Court still gives weight to same. Specifically, the Court finds that Mr. Metrick has adequately supported his requested rate by coupling his experience and years of practice with

5

reference to the Laffey Matrix, the 2015-2016 United States Consumer Law Attorney Fee Survey Report and orders from other Districts awarding Mr. Metrick fees based on his requested rate of $350 per hour or more. Of these, the fact that Mr. Metrick has been reimbursed in numerous cases at at least $350 per hour is the most persuasive. Everything considered, the Court finds that Plaintiff has established the reasonableness of Mr. Metrick's $350 per hour rate.

### B. Hours of Work Reasonably Performed

Here, Defendants filed their Acceptance of Offer of Judgment very early in this case – less than a month after Plaintiff filed his Complaint and without ever responding to same. Thus, this matter, outside of the current fee dispute, was resolved in its infancy before any significant litigation took place. Nevertheless, before Defendants filed their Acceptance of Offer of Judgment, Plaintiff prepared, filed and served her Complaint. As the prevailing party in this FDCPA matter, Plaintiff is entitled to recoup her reasonable attorney's fees and costs.

There is no dispute over the costs requested by Plaintiff, *i.e.*, those associated with filing ($400) and serving ($113.20) the Complaint. As a result, the Court shall reimburse Plaintiff for same. Defendants do, however, dispute the reasonableness of the 15.5 hours of work for which Mr. Metrick seeks to be reimbursed. In this regard, Defendants first take issue with the "unusual" method by which Mr. Metrick maintains his time, noting that "[c]ounsel attaches no contemporaneous time records" to his motion. (Def. Opp. at 3, 8). Defendants also argue that the number of hours billed are "excessive and includes administrative tasks for which compensation is not appropriate." (*Id*. at 3). With respect to the excessive nature of the hours billed, Defendants note that Mr. Metrick billed 10.75 hours "for the drafting and filing of what should have been a simple and brief FDCPA complaint[.]" (*Id*. at 7). Instead, Defendants contend that Mr. Metrick included "a long recitation of alleged facts that are wholly irrelevant to the claims contained in the

6

Complaint[;]" such "extraneous facts" relate to Plaintiff's "military service, efforts to secure a voluntary loan modification/short sale from her lender, employment travails, commuting hardships, health issues and the like." (*Id.*) Defendants argue that they should not be responsible for same. Similarly, Defendants argue that the fees Plaintiff seeks to recover "to 'research some issues of law' without any further specificity" should be disallowed. (*Id.* at 7-8). In addition, Defendants take issue with the time spent by counsel on administrative tasks "such as pulling exhibits, filing pleadings, arranging for service of the complaint, receiving affidavits of service, and the like." (*Id.* at 8 (internal citations omitted)). As a result, Defendants contend that Mr. Merrick's hours should be reduced to 5.5, which represents the reasonable amount of time he should have spent on this case. (*Id.*)

Plaintiff, however, argues that the 15.5 hours sought are reasonable. With respect to the time spent developing the facts of this case, "Plaintiff asserts this amount of time was reasonable as she had numerous questions, a significant amount of paper to review with her Counsel, and she had difficulty explaining facts and circumstances of the case. The time spent was necessary to gather evidence and clarify the issues." (Pl. Reply at 2; Docket Entry No. 12). Plaintiff also notes that "[w]hile the FDCPA violation may be straightforward, the anguish and anxiety associated with the violation further sets forth the picture of Plaintiff's injuries." (*Id.* at 3). Plaintiff argues that it was important for "the Court to know the full relationship between the parties, and it was necessary to have all the underlying facts set forth in the complaint because some were clearly linked to the FDCPA violation." (*Id.*) Plaintiff argues that the time billed by counsel, *i.e.*, time spent "review[ing] both sets of loan files to determine the discrepancy and violations with Plaintiff, review[ing] medical issues and factors establishing potential damages; drafting and issuing letters to Plaintiff regarding her emotional distress claims, outlin[ing] the complaint, . . . tak[ing] calls

7

with the client[,] . . . informing her of the status of the case, explaining procedure and the law regarding emotional damages, executing letters and phone calls, researching various claims and explaining the offer of judgment" was all necessary and reasonable. (*Id*. at 3-4). Plaintiff also contends that her attorney "submitted contemporaneous time records" supporting the requested fees.

The Court has thoroughly reviewed Mr. Metrick's billing records as well as the submissions of both parties. In the first instance, while the method of billing used by Mr. Metrick is somewhat atypical, the Court has no reason to doubt that the hours set forth represent contemporaneous time records of hours billed. With respect to the hours billed, while the Court finds many to be reasonable, the Court also finds that certain deductions are warranted. For example, as noted by Defendants, certain of the time delineated was spent on administrative tasks. However, "'[a]dministrative tasks, which are not the type normally billed to a paying client, may not be recovered by a party through a fee petition.'" *Westberry*, 2013 WL 435948, at *5 (quoting *Bilazzo v. Portfolio Recovery Assocs., LLC*, 876 F.Supp.2d 452, 471 (D.N.J. 2012) (internal quotation marks and citation omitted). As a result, time spent pulling exhibits and files, arranging for service of the Complaint, receiving and filing affidavits of services and forwarding letters should not be born by Defendants. The time entries that include such administrative tasks involve block billing. As such, multiple tasks, some administrative, others not, were included in a single entry. "Block billing is an acceptable practice" and though it "may often result in a number of vague entries, rather than excluding an entire entry, the court should examine the listed activities and the time spent conducting each activity to determine 'whether the hours reasonably correlate to all of the activities performed.'" *Raab v. City of Ocean City*, Civl No. 11-6818 (RBK/KMW), 2017 WL 2779753, *5 (D.N.J. June 26, 2017) (quoting *United States v. NCH Corp.*, No. Civ. 98-

5268 (SDW)(MCA), 2010 WL 3703756, *4 (D.N.J. Sept. 10, 2010). Though, "'[w]here the court is unable to separate unrecoverable time from recoverable time in such billing entries, the court may reject the entire billing entry.'" *Id.* (quoting *Walker v. Gruver*, No. 1:11-CV-1223, 2013 WL 5947623, *13 (M.D.Pa. Nov. 5, 2013)). Here, after examining the billing records and the specific entries contained therein, the Court finds that Mr. Metrick's request should be reduced by 1.25 hours to account for time spent on the aforementioned administrative tasks.

In addition, the Court finds that a reduction of time is warranted with respect to the total number of hours spent on this case. While the Court appreciates that counsel takes their clients as they come and that understanding the facts and circumstances underlying Plaintiff's case was necessary, the Court also recognizes that the FDCPA violation alleged was rather straightforward. Counsel's desire to "know the full relationship between the parties" is understandable. (Pl. Reply at 3. The Court does not find, as Defendants suggested, that Plaintiff's inclusion of facts regarding past dealings between the parties' was necessarily irrelevant as these facts could have borne on her emotional distress allegations. Yet, even Plaintiff acknowledges that only "some" of the underlying facts "were clearly linked to the FDCPA violation." (*Id.*) The Court finds the number of hours counsel spent meeting and discussing this matter with Plaintiff and reviewing her account of what happened are excessive. Further, the Court finds that certain time entries, such as "research some issues of law[,]" are too vague to warrant inclusion. In light of the foregoing, the Court shall reduce Plaintiff's fee request by another 3.5 hours. The Court finds that 10.75 hours represents a reasonable amount of time for counsel to have spent on this case.

In total then, Plaintiff shall be awarded attorney's fees and costs in the amount of $4,275.70. This breaks down to $3,762.50 (10.75 hours of work at $350 per hour) for Mr.

Metrick's attorney's fees plus $513.20 in costs. Defendants are directed to pay same no later than **July 12, 2019**.

IV. Conclusion

For the reasons stated above, Plaintiff's motion for attorney's fees and costs is GRANTED IN PART. An appropriate Order follows.

Dated: June 20, 2019

s/Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI
UNITED STATES MAGISTRATE JUDGE**